UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BERKELEY HEARTLAB, INC. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BERKELEY HEART EUROPE AS, )<br>)<br>Defendant. )<br>) | Civil Action No. 1:14-CV-14059-FDS |

## STIPULATION AND [PROPOSED] PROTECTIVE ORDER

Preferred Global Health, Inc. ("PGH") and Marsoft, Inc. ("Marsoft") have preliminarily agreed to produce certain documents in response to two subpoenas served by Berkeley HeartLab ("BHL") in connection with the above-captioned matter. The parties hereby stipulate that certain documents and information produced by PGH and Marsoft (collectively, "the Producing Parties") may contain confidential information. The parties further agree that this confidential information, if disclosed other than as specified herein, will pose a risk of injury to the Producing Parties. Accordingly, the parties, by and through their respective counsel, have stipulated and agreed that this Confidentiality Agreement is necessary to protect the confidentiality of documents and other information produced by the Producing Parties. The discovery of certain documents and information may be conducted only pursuant to the following terms, conditions, restrictions and procedures of this confidentiality agreement.

1

1. **PURPOSE, SCOPE AND LIMITATIONS**

a. Protected Material designated under the terms of this Agreement shall be used by BHL solely for the purpose of seeking to enforce its judgment against Berkeley Health Europe ("BHE") and shall not be used directly or indirectly for any other purpose whatsoever.

b. All documents, materials, items, or information (including all documents and tangible things as defined in Rule 34(a) of the Federal Rules of Civil Procedure or any applicable local rule), regardless of whether stored in electronic or paper form, shall be governed by this Agreement. The protections conferred by this Agreement cover not only the documents, materials, items, and information produced by the Producing Parties, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, derivatives or compilations thereof. Even after the Termination of this case, the confidentiality obligations imposed by this Agreement shall remain in effect until a Producing Party agrees otherwise in writing or a Court order otherwise directs.

2. **DEFINITIONS**

a. "Copy" or "Copies" shall mean any reproduction, depiction, or sample of any document, material, tangible thing, audio or video tape, computer disk or hard drive, or information, regardless of format, by photographic, scanning, imaging, recording, manual input, or other electronic, magnetic, optical, or manual reproduction means.

b. "Produced Material" means all items or information, regardless of the medium or manner generated, stored, or maintained (including, for example, documents, tangible things, testimony or transcripts) that is produced by the Producing Parties.

c. "Protected Material" means any Produced Material that is designated as "Confidential."

d. The "Confidential" designation applies to Produced Material that must be protected from disclosure to any third party, whether embodied in physical objects, documents, or the factual knowledge of persons, and which has been so designated by the Producing Parties.

e. "Termination" means the dismissal, whether with or without prejudice, or settlement of the above-captioned action, or entry of final judgment in that action and the expiration of all periods of time to appeal or seek judicial review of such judgment.

3. **USE AND STORAGE OF PROTECTED MATERIAL**

a. Basic Principles. All Protected Material shall be used by BHL solely for the purposes of seeking to enforce its judgment against BHE. Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Agreement.

b. Secure Storage. Protected Material must be stored and maintained by BHL at a location and in a secure manner that ensures that access is limited to the persons authorized under this Agreement. Copies of Protected Material may only be made where reasonably necessary to prepare work product.

4. **DESIGNATING DISCOVERY MATERIAL AS PROTECTED MATERIAL**

a. Confidentiality Designation Categories. The Producing Parties may designate any Produced Material with the designation of "Confidential."

b. Privileged Information. Any documents, materials, items, or information as to which a Producing Party asserts the protections of the attorney-client privilege, work-product, or any other applicable privilege may be withheld from production.

c. Documents and Tangible Things. Documents (which include "electronically stored information," as that phrase is used in Rule 34 of the Federal Rules of Civil Procedure) and tangible things that meet the requirements for the confidentiality designations listed in

Paragraph 4(a) may be so designated by placing "Confidential" on every page (or electronic file) of the written material or on the tangible thing (including electronic, optical, magneto-optical, and magnetic media) prior to production, except as provided for in Paragraph 4(d). For digital files being produced, the Producing Party may mark the medium, container, and/or communication in which the digital files were contained. In the event that original documents are produced for inspection, the original documents shall be presumed "Confidential" during the inspection and re-designated, as appropriate during the copying process, if any.

    d.    <u>Documents Produced in Native Form</u>. Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Agreement by appending to the file names or designators information indicating whether the file contains "Confidential" material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format.

    e.    <u>Inspection</u>. In the event the Producing Parties elect to make Protected Material available for inspection, no marking need be made by the Producing Party in advance of the inspection, and all inspected materials shall be deemed "Confidential" information until designated otherwise at the time copies are delivered to Receiving Party.

**5.**    <u>**ACCESS TO PROTECTED MATERIALS**</u>

    a.    <u>Access to "Confidential" Information</u>. Documents, materials, items, or information designated "Confidential" pursuant to this Agreement, or copies, derivations, or extracts therefrom, compilations and summaries thereof, and the information therein, may be given, shown, made available to, or communicated in any way only to the following persons:

    i. counsel to BHL;

ii. those representatives of BHL that counsel to BHL deems necessary to aid BHL in enforcing its judgment against BHE;

iii. any person to whom the Producing Party agrees in writing.

However, the persons identified in subsections (ii) and (iii) of this Paragraph shall not be permitted access to materials or information designated "Confidential" unless and until they sign a written acknowledgment that they have read this Agreement, agree to be bound by its terms and consent to jurisdiction in the United States District Court for the District of Massachusetts for purposes of enforcement of the terms of this Agreement. Counsel of record shall retain copies of all executed acknowledgments, and copies of all executed acknowledgments shall be provided to the Producing Parties.

6. **INADVERTENT OR IMPROPER DESIGNATIONS AND DISCLOSURE**

a. <u>Inadvertent Failure to Designate</u>. A Producing Party that inadvertently fails to properly designate an item pursuant to this Agreement at the time of the production may re-designate documents and information in order to correct its failure. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item, appropriately designated. In such a case, BHL shall take reasonable efforts to return or destroy the previously unmarked items and all copies thereof promptly and agrees not to share such information with persons who would not be entitled to view Protected Materials. If such persons have already received inadvertently produced information, BHL shall take reasonable steps to inform that person that the Protected Material has been re-designated, as the case may be, and instructed not to use the re-designated Protected Material for any purpose.

b. <u>Post-Production Re-Designation</u>. At any time, a Producing Party may seek additional protection for Produced Material by re-producing and re-designating such Protected Material. If

the Protected Material was properly shown to a person who would not be entitled to see it as newly re-designated, that person shall be advised that the Protected Material has been re-designated, as the case may be, and instructed not to use the re-designated Protected Material for any purpose.

    c. <u>Inadvertent Disclosure of Privileged Information</u>. Inadvertent disclosure of any document or other information covered by the attorney-client privilege, work-product or other applicable privileges ("Privileged Materials") shall be without prejudice to any claim that such document or other information is privileged and/or protected, and BHL shall not assert that the Producing Party has waived any rights by such inadvertent disclosure if a request for return of such inadvertently produced Privileged Materials is made within a reasonable time after the Producing Party learns of its inadvertent production. If the Producing Party claims in writing that Privileged Materials were inadvertently disclosed, the Receiving Party, without protest, shall not use or disclose such Privileged Materials and within five (5) business days of such notice return to counsel for the Producing Party any and all copies of the inadvertently produced Privileged Materials, or in the alternative, within five (5) business days of said notice, the receiving party, without protest, shall destroy the inadvertently produced Privileged Materials and certify such destruction to the Producing Party.

    d. <u>Unauthorized Disclosure</u>. If Protected Material is disclosed to any person other than in the manner authorized by this Agreement, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for the Producing Party and, without prejudice to any other rights and remedies of the Parties, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

7. **MISCELLANEOUS**

a. Upon Termination of the above-captioned action, the originals and all copies of Protected Material shall be either destroyed or turned over to the Producing Party who produced such material, or to their respective counsel, within sixty (60) days. If BHL elects to destroy the Protected Material, it must certify in writing that it has made a reasonable and good faith effort to destroy such materials, and that all such materials have been destroyed to the best of its knowledge. However, counsel for BHL may retain Protected Material in the attorney work product for archival purposes.

b. If any entity subpoenas or any court or other quasi-judicial authority orders production of Protected Material that BHL has received subject to this Agreement, BHL shall promptly notify the Producing Party of the pendency of the subpoena or order and provide a copy of the subpoena or order to the Producing Party and shall not produce the information until the Producing Party has had seven (7) calendar days (unless a shorter time is required by the subpoena, order, or other judicial mandate) to object and take other appropriate steps to protect the information.

c. It is expressly contemplated that the protections of this Confidentiality Agreement apply to non-parties.

8. **MODIFICATION**

a. This Agreement may be modified by agreement of the parties in writing.

9. **SURVIVAL OF OBLIGATIONS**

a. All the provisions of this Confidentiality Agreement shall survive Termination of the above-captioned action, and shall continue to be binding after the Termination of the above-captioned action unless subsequently modified by agreement among the parties.

**BERKELEY HEARTLAB, INC.**

By its counsel,

_____
Jack Pirozzolo (BBO # 564879)
Sidley Austin LLP
60 State Street
Boston, MA 02109
(617) 223-0300

**MARSOFT, INC.**

By its counsel:

_____
Charles L. Solomont (BBO # 557190)
Peter G. Byrne (BBO # 690519)
Morgan, Lewis & Bockius LLP
Boston, MA 02110
(617) 951-8712

**PREFERRED GLOBAL HEALTH, INC.**

By its counsel:

_____
Charles L. Solomont (BBO # 557190)
Peter G. Byrne (BBO # 690519)
Morgan, Lewis & Bockius LLP
Boston, MA 02110
(617) 951-8712

**SO ORDERED** this ___28th___ day of ___January___, 2016

___/s/ F. Dennis Saylor IV_____
F. Dennis Saylor IV, USDJ